IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBERT T. OWENS, JR.,
Inmate No. 193166,
    Plaintiff,

vs.                                      Case No.: 3:15cv272/MCR/EMT

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on June 15, 2015 (doc. 1 at 20).  Plaintiff has also filed a motion for leave to proceed in forma pauperis (doc. 4), a motion for preliminary injunctive relief and temporary restraining order (doc. 5), and a Notice providing declarations from two other inmates (doc. 8).

       The court takes judicial notice of three cases previously filed by Plaintiff in United States District Courts which have been dismissed by the district court as frivolous and for failing to state a claim upon which relief may be granted.[1]

       In fact, Plaintiff's status as a prisoner with "three strikes" was recently determined in another civil rights complaint he previously filed in this district, Case No. 3:15cv164/MCR/CJK.  As provided in that case:

> Plaintiff is subject to the three-strikes bar of § 1915(g), having had at least three prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Owens v. Fla. Dep't*

---

[1] The inmate number of the plaintiff in those cases (#193166) is the same as Plaintiff's.

*of Corr.*, No. 2:13cv14228-JEM, (S.D. Fla. Oct. 15, 2013) (dismissing plaintiff's prisoner civil rights action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted), *appeal dismissed as frivolous*, No. 13-14918-B, (11th Cir. Mar. 25, 2014); *Owens v. Tucker*, Case No. 2:13cv14061-KMM, (S.D. Fla. Apr. 29, 2013, and Aug. 2, 2013) (dismissing plaintiff's prisoner complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted), *affirmed*, No. 13-13651, [602] F. App'x [475], 2015 WL 794910 (11th Cir. Feb. 26, 2015).

Case No. 3:15cv164/MCR/CJK, doc. 4 at 2 (Report and Recommendation, adopted by court and judgment entered on May 18, 2015 (docs. 6, 7)). Thus, Plaintiff's status as a "three striker" has already been recognized by this court.

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant complaint, Plaintiff claims that he was exposed to unsanitary conditions when on March 18, 2015, and then again two days later, a drainage pipe backed up, causing sewage to spill into his cell (doc. 1 at 13). On the first occasion, which occurred at 11:00 p.m., the spill was not cleaned up until the following morning after Plaintiff was made to eat his breakfast inside the cell.

On the second occasion, which occurred at 7:00 p.m., Plaintiff and his cellmate were not allowed to evacuate his cell, although four hours later Plaintiff was "allowed to push the sewerage [sic] water out of their cell" (doc. 1 at 14). Plaintiff also complains that the bleach that was used to clean the spills in his cell (in contravention to his request for other cleaning supplies) exposed him to fumes that affected his epilepsy. On March 23, 2015, Plaintiff was seen in sick call, where the nurse on duty determined that he had a fungal infection in his foot, for which she provided anti-fungal creams and powders, and later provided Fluconazole (*id.* at 15).

As indicated above, a prisoner with three strikes is unable to proceed in forma pauperis unless he is under imminent danger of serious physical injury, which the court must determine from the complaint. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must construe the complaint liberally and accept the allegations as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering ongoing serious physical injury, nor do they allege a likelihood of imminent serious physical injury. The alleged problems with sewage in his cell do not appear to be of an ongoing nature, despite Plaintiff's evident struggles with the staff as to which cleaning materials are appropriate for his cell or his alleged medical condition. Neither is his fungal infection the type of serious physical injury required by § 1915(g). Thus, Plaintiff's allegations, while unappealing, appear neither serious nor presently dangerous enough to meet the imminent danger exception.

Because Plaintiff fails to meet the imminent injury requirement of section 1915(g), he is not eligible to proceed in forma pauperis. Since Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, this case should be dismissed. Leave should not be provided to allow him to pay the fee. Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice will enable Plaintiff to initiate a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

**DONE AND ORDERED** this 5th day of August 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**